UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:22-CV-117-BJB

IN THE MATTER OF THE COMPLAINT OF
MARQUETTE TRANSPORTATION COMPANY, LLC,
AS OWNER AND OPERATOR OF THE M/V MARQUETTE
WARRIOR, OFFICIAL NO. 560979, FOR
EXONERATION FROM OR LIMITATION OF LIABILITY

---

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
(Electronically Filed)

---

COMES NOW the Limitation Plaintiff, Marquette Transportation Company, LLC, as owner and operator of the M/V MARQUETTE WARRIOR, Official No. 560979, and, in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, states as follows:

1. This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and this Court has jurisdiction over these parties and this cause of action, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3. Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

4. Limitation Plaintiff, Marquette Transportation Company, LLC, at all relevant times, was and is a Delaware limited liability company, with its principal place of business in Paducah, Kentucky.

5. At all relevant times, Marquette Transportation Company, LLC was and is the legal owner and operator of the M/V MARQUETTE WARRIOR, Official No. 560979.

6. Prior to the voyage and incident that is the subject of this proceeding, and at all relevant times, Limitation Plaintiff exercised due diligence to place and maintain the M/V MARQUETTE WARRIOR in a seaworthy condition in all respects, and the M/V MARQUETTE WARRIOR was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

7. On March 3, 2022, the M/V MARQUETTE WARRIOR was afloat and traveling northbound approaching the highway bridge that traversed the Ohio River near Wickliffe, Kentucky, with twenty-six barges in tow.

8. In the same general area, the M/V LUKE BURTON was also traveling northbound and had received a crew boat known as the Wickliffe Crewboat No. 1, which then tied to or was otherwise secured to the M/V LUKE BURTON. The Wickliffe Crewboat No. 1 was piloted by Tyler Morgan.

9. At approximately 4:00 p.m. on March 3, 2022, the Wickliffe Crewboat No. 1 capsized ("Incident").

10. Following the Incident, Tyler Morgan was unaccounted for and is believed to have perished as a result of the Incident.

11. Immediately following this Incident, upon information and belief, the value of Limitation Plaintiff's interest in the M/V MARQUETTE WARRIOR was $9,500,000.00 United States Dollars (which may be plus or minus once a valuation has occurred), plus pending freight in the amount of $329,706.63 United States Dollars. Attached hereto as Exhibit 1 is a Declaration from Fred Budwine, reflecting the value of said vessel at the time immediately following the Incident. Attached hereto as Exhibit 2 is a Declaration from Darin M. Adrian attesting to the amount of pending freight.

12. The M/V MARQUETTE WARRIOR has not been attached or arrested in any suit, nor has any suit been brought against the M/V MARQUETTE WARRIOR in connection with this matter.

13. In correspondence dated April 1, 2022, Limitation Plaintiff received first written notice of a claim from the estate of Tyler Morgan. In correspondence dated April 13, 2022, Limitation Plaintiff received written notice of claims from MERS, LLC d/b/a PTL Marine as the owner and owner *pro hac vice* of the Wickliffe Crewboat No. 1 and from Canal Barges Lines, Inc. as owner and owner *pro hac vice* of the M/V LUKE BURTON. Moreover, on May 24, 2022, MERS, LLC d/b/a PTL Marine, as the owner and owner *pro hac vice* of the Wickliffe Crewboat No. 1, filed a Verified Complaint for Exoneration From or Limitation of Liability in the United States District Court for the Western District of Kentucky, Paducah Division, bearing Civil Action Number 5:22–CV–00064–TBR on the docket of said Court, in which proceedings Emily Morgan, surviving spouse of Tyler Morgan, deceased, and personal representative of the Estate of Tyler Morgan, deceased, on behalf of herself and the decedent's surviving children, decedent's surviving minor children, CDM and RBM, filed an Answer and Claim and in which

proceedings Marquette Transportation Company, LLC filed an Answer and Claim. As a result, this Limitation Complaint is filed within six months of Limitation Plaintiff's first receipt of written notice of claims.

14. The above-described Incident and all losses and damages resulting from it were not caused by negligence on the part of Limitation Plaintiff, nor on the part of the M/V MARQUETTE WARRIOR itself, or any persons for whom Limitation Plaintiff was or is responsible, nor were there any unseaworthy conditions aboard the M/V MARQUETTE WARRIOR which caused or contributed to the Incident. Accordingly, Limitation Plaintiff and the M/V MARQUETTE WARRIOR are each entitled to be exonerated from all liability for the Incident.

15. Additionally and/or alternatively, should there be a determination that the Incident occurred due to negligent or improper operation of the M/V MARQUETTE WARRIOR by its crew or an unseaworthy condition aboard said vessel, which Limitation Plaintiff denies, any such conduct or condition occurred and/or existed without any privity or knowledge of any officer, director or managing agent of Limitation Plaintiff and, for this reason, Limitation Plaintiff and the M/V MARQUETTE WARRIOR are entitled to limit their liability to the post-accident value of the M/V MARQUETTE WARRIOR pursuant to 46 U.S.C. § 30501, *et seq*.

16. Subject to a formal appraisal of Limitation Plaintiff's interest in the M/V MARQUETTE WARRIOR, Limitation Plaintiff will offer for the Court's approval an *ad interim* stipulation and bond for the value of the M/V MARQUETTE WARRIOR in the sum of $9,500,000.00 United States Dollars and the value of the pending freight in the sum of $329,706.63 United States Dollars with security, said sum being equal to the aggregate

value of Limitation Plaintiff's interest in the M/V MARQUETTE WARRIOR and its costs in the sum of $250.00 United States Dollars.

17. At the time this Complaint was filed, the M/V MARQUETTE WARRIOR was within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky and within this Division.

18. Limitation Plaintiff avers that there are no unsatisfied liens or claims of liens arising on the above-referenced voyage so far as is known.

WHEREFORE, Limitation Plaintiff prays:

A. That this Court enter an Order approving an *ad interim* stipulation to be filed by Limitation Plaintiff for the value of Limitation Plaintiff's interest in the M/V MARQUETTE WARRIOR in the amount of $9,500,000.00 United States Dollars, the value of the M/V MARQUETTE WARRIOR's pending freight then earned in the amount of $329,706.63 United States Dollars, and costs in the amount of $250.00 United States Dollars;

B. That this Court accept the *ad interim* stipulation and approve the bond to be filed as security for the value of the M/V MARQUETTE WARRIOR, the value of the pending freight, and the court costs in the total amount of $9,829,956.63 United States Dollars plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

C. That this Court issue an Order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against the Limitation Plaintiff, its officers, agents, servants, employees or affiliated companies, or against the M/V MARQUETTE WARRIOR itself, arising out of or attributable to the Incident;

D.      That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

E.      That this Court direct each and every claimant to answer the allegations contained in this Complaint;

F.      That this Court, after due hearing, determine that Limitation Plaintiff and/or the M/V MARQUETTE WARRIOR are not liable for any damage on any basis whatsoever in connection with the Incident; and

G.      That, in the alternative, should this Court determine that Limitation Plaintiff and/or the M/V MARQUETTE WARRIOR are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Limitation Plaintiff is entitled to limit its liability to the value of its interest in the M/V MARQUETTE WARRIOR and that a judgment be entered discharging Limitation Plaintiff and the M/V MARQUETTE WARRIOR from any further liability arising from or growing out of or in connection with the Incident, and for such other relief as the proof may show appropriate.

RESPECTFULLY SUBMITTED, this the 6th day of September 2022.

    MILLER HAHN, PLLC

    By: /s/ Bobby R. Miller, Jr.
        Bobby R. Miller, Jr., Esq.
        2660 West Park Drive, Suite 2
        Paducah, KY 42001
        Telephone: (270) 554-0051
        Facsimile: (866) 578-2230
        Email: bmiller@millerlaw-firm.com

    Attorneys for Limitation Plaintiff, Marquette Transportation Company, LLC