# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

IN THE MATTER OF THE COMPLAINT OF )
MARQUETTE TRANSPORTATION )
COMPANY, LLC, AS OWNER AND OPERATOR )
OF THE M/V MARQUETTE WARRIOR, OFFICIAL )
NO. 560979, FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY ) Case No. 5:22-cv-00117-BJB-LLK

## CLAIM TO LIMITATION FUND

Now comes Claimant Emily Morgan, surviving spouse of Tyler Morgan, deceased, and personal representative of the Estate of Tyler Morgan, deceased, on behalf of herself and the decedent's surviving children, decedent's surviving minor children CDM and RBM and for her Claim To The Limitation Fund herein, states:

1. On March 3, 2022, Claimant Emily Morgan was the lawfully wed wife of Tyler Morgan, deceased, and is the duly appointed administrator of the Estate of Tyler Morgan, deceased. She files this Claim as personal representative of the Estate of Tyler Morgan, deceased, for the benefit of herself and Tyler Morgan's two minor children, the administrator of the Estate of Tyler Morgan, deceased, and individually.

2. On March 3, 2022, Tyler Morgan was employed by MERS, LLC d/b/a PTL Marine ("PTL") as a boat pilot and was a seaman within the meaning of the Jones Act (46 U.S.C. § 30104) and the general maritime law.

3. On March 3, 2022, Tyler Morgan's duties on behalf of PTL included ferrying people and goods to customer boats including boats operated by Canal Barge Lines, Inc.

4. The usual crew complement for the PTL crew boat was a pilot and deckhand.

5. The deckhand's duties included securing the PTL crew boat to customer vessels. This was typically done by securing one line from the head and a second line from near the aft

end of the PTL crew boat to deck fittings on the customer boat. The effect of the two lines was to prevent the crew boat from "pinwheeling" or rotating around a single line and thereby minimizing the risk of capsizing while under way.

6. Delivering people and goods to customer boats normally required the PTL boat crew to secure their boat to the customer boat with lines.

7. On March 3, 2022, Tyler Morgan was ferrying a line inspector to the M/V LUKE BURTON, a towboat operated by Canal Barge Lines, Inc.

8. Although the normal crew complement of the PTL boat included a pilot and a deckhand, when Tyler Morgan ferried the line inspector to the M/V LUKE BURTON, the PTL boat crew consisted only of the pilot, Tyler Morgan.

9. PTL policy required boat pilots such as Tyler Morgan to remain tied off to customer vessels for the duration of the delivery even when the customer vessel was navigating on the river.

10. On March 3, 2022, Tyler Morgan tied off the PTL boat to the M/V LUKE BURTON with a line from near the head of the PTL boat.

11. Because Tyler Morgan was the pilot of the PTL boat, his duties as pilot prevented him from securing lines from the stern of the PTL boat to the M/V LUKE BURTON.

12. On information and belief, Tyler Morgan's supervisor was absent from the PTL facility on March 3, 2022 because the supervisor was taking another employee to be drug tested.

13. After Tyler Morgan tied the PTL boat to the M/V LUKE BURTON, the latter vessel began to move upriver, towing the PTL boat alongside.

14. The PTL boat remained tied to the M/V LUKE BURTON while Tyler Morgan waited for the line inspector to complete his work on board the latter vessel which was then navigating upriver.

15. While the PTL boat was secured to the M/V LUKE BURTON and while the latter vessel was moving upriver, and pursuant to Fed.R.Civ.P. Rule 8(d)(2) and (d)(3), claimant avers on information and belief that the M/V *Marquette Warrior*, an inland river towboat with a tow of barges, that was at the time owned, operated or controlled by plaintiff Marquette Transportation Company, LLC ("Marquette"), caused wave wash of such force and intensity that the PTL crew boat rotated around the single line at the head of the boat, causing the boat to capsize, and in turn causing Tyler Morgan to drown.

16. At that time and place, the general maritime law imposed on plaintiff Marquette the legal duties to maintain its vessels, including the *Marquette Warrior*, in seaworthy condition, to use due care to avoid causing injury or death to others, including Tyler Morgan, and to comply with all applicable right of way, navigation and collision avoidance rules and regulations.

17. Claimant Morgan alleges, pursuant to Fed.R.Civ.P. Rule 8(d)(2) and (d)(3), that Defendant Marquette breached its aforesaid legal duties by failing to have an adequate collision avoidance system on board the *Marquette Warrior*, failing to adequately train its wheelhouse crew in the use of collision avoidance systems, failing to require a dedicated lookout, operating at a speed that was unsafe under the circumstances (including river current and traffic density), failing to yield the right of way to the M/V *Luke Burton* and the PTL crew boat when the applicable rules and regulations so required, failing to maintain adequate communication with the *M/V Luke Burton*, and in other ways to be shown in discovery.

18. As a proximate cause of one or more of the aforesaid negligent acts or omissions and of each unseaworthy condition described in paragraph 17, above, Tyler Morgan drowned and suffered conscious pain and suffering prior to his death and Claimant Emily Morgan and her two minor children have suffered pecuniary injury including loss of support as a result of Tyler Morgan's death.

19. Plaintiff's Complaint alleges that the value of its vessel is $9,500,00.00 and its pending freight is $3329,706.63. Doc. 1, p. 3, par. 11. The amount of the limitation fund herein is therefore **$9,829,706.63**. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152, 77 S. Ct. 1269, 1272, 1 L. Ed. 2d 1246 (1957)("where the value of the vessel and the pending freight, the fund paid into the proceeding by the offending owner, exceeds the claims made against it, there is no necessity for the maintenance of the concourse.")

20. PTL has alleged that the value of its crew boat after the incident was $174,193.00[1]. *See* PTL Limitation of Liability Complaint, 22-cv-0064-BJB Doc. 1, par. 17. Canal Barge has alleged damage to the *Luke Burton* that, on information and belief, consists of scraping to the side of that vessel. Claimant Morgan stipulates and agrees that the property damage claims of PTL and Canal Barge Line take priority over her claim.

WHEREFORE, claimant Emily Morgan, as personal representative of decedent's estate, administrator of decedent's estate and individually, prays that this Honorable Court enter judgment in her favor against plaintiff Marquette Transportation Company, LLC, in the amount

---

[1] PTL's pleading alleges that the value of the crew boat immediately following the incident was $174,193.00. Complaint, par. 17,22-cv-0064-BJB Doc. 1. But PTL also alleged pending freight of $350.00. *Id.* at par. 10. PTL failed to include the pending freight in its calculation of the limitation fund. *Id.* at par. 18. PTL also asserted that the Court should approve a stipulation for value of $17,119.00 as representing the value of the limitation fund. *Id.* p. 6, prayer for relief No. 1. Similarly, the Affidavit of Jim Garrett, represented to be attached to PTL's complaint as Exhibit A, was not attached to the complaint.

of $6,000,000.00$ **or** $9,500,000.00$ **minus** the value of property damage claims asserted by PTL and Canal Barge Line, **whichever is less**.

Respectfully Submitted,

ARMBRUSTER DRIPPS BLOTEVOGEL LLC

By: */s/ Roy C. Dripps*
Roy C. Dripps #6182013, as pro hac vice
51 Executive Plaza Court
Maryville, Illinois 62025
(618) 208-0320 - Telephone
(800) 927-1529 - Fax
royd@adwblaw.com

KEULER,KELLY,HUTCHINS
BLANKENSHIP, & SIGLER, LLP
David A. Kelly
Theodore S. Hutchins
100 South 4th Street, Suite 400
Paducah, KY 42001
(270) 448-8888 - Telephone
dkelly@kkhblaw.com

Ted N. Gianaris
Of Counsel as pro has vice
One Court Street
Alton, Illinois 62002
(618) 693-3104 - Telephone
tgianaris@simmonsfirm.com

***Attorneys for Emily Morgan***

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2022, I filed the foregoing with the Clerk of U.S. District Court using the CM/ECF filing system, which will send electronic notice to:

Frank J. Dantone
Henderson & Dantone
P.O. Box 778
241 Main Street Greenville, MS 38702-0778
Email: nsr@hdpa.com
*Attorneys for MERS, LLC*

Bobby R. Miller, Jr.
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001
Email: bmiller@millerlaw-firm.com
*Attorneys for Marquette Transportation Company, LLC*

C. Thomas Miller
Matthew S. Eddy
Whitlow, Roberts, Houston &
Straub, PLLC
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
Email: tmiller@whitlow-law.com
Attorney for Canal Barge Company, Inc.

By: */s/ Roy C. Dripps*