**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

IN THE MATTER OF THE COMPLAINT OF )
MARQUETTE TRANSPORTATION COMPANY, LLC )
as OWNER and OPERATOR of The )
M/V MARQUETTE WARRIOR, OFFICIAL NO. 560979 )
for Exoneration from, or Limitation of Liability ) Case No. 5:22-cv -00117-BJB

**CLAIMANT MORGAN'S MOTION TO DISSOLVE INJUNCTION and
TO STAY LIMITATION PROCEEDING**

Now comes Claimant Emily Morgan, surviving spouse of Tyler Morgan, deceased, and personal representative of the Estate of Tyler Morgan, deceased, on behalf of herself and the decedent's surviving children, files her motion for an order dissolving the injunction entered on October 11, 2022, (Doc. 5). Plaintiff has executed the necessary stipulations to protect this Court's jurisdiction over the limitation claim and to waive a Supplemental Rule F(7) challenge to petitioner's valuation of the limitation fund. Plaintiff's Complaint alleges that the value of its vessel plus pending freight was $9,829,706.63. Doc. 1, p. 3, par. 11. As will be further described herein, this is therefore an adequate fund case and dissolution of the injunction is therefore required by the controlling law. *See generally Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Complaint of Midland Enterprises, Inc.*, 886 F.2d 812 (6th Cir. 1989).

**I. Background Facts**

The Complaint (Doc. 1) describes three vessels: (1) the *M/V Marquette Warrior* that is alleged to have been in the "general area" of (2) a PTL crew boat secured to (3) a

Canal Barge vessel called the *M/V Luke Burton.* Counsel for PTL has furnished

Claimant Morgan's counsel a recording of the *M/V Luke Burton's* "Rosepoint" radar plot.

The image below (Exhibit 1) is a screenshot from that recording taken at the 1600:45

(4:00:45 p.m.) mark and shows the position of (3) the *M/V Luke Burton* (light green



rectangle) and (2) its attached crew boat:

Exhibit 2 shows that three minutes twelve seconds later, (1), the *M/V Marquette Warrior*, appears:



No party alleges a collision between the *M/.V Marquette Warrior* and the *M/V Luke Burton* or the PTL crew boat.

The complaint does not describe the alleged damage to Canal Barge's *M/V Luke Burton* but the complaint in the previously filed PTL limitation case describes the damage as "a claim for damages by Canal Barge Lines, Inc., to the port side of the M/V LUKE BURTON arises {sic} out of the incident."  Exhibit 3, 22-cv-0064-BJB Doc. 1,

Complaint, par. 8. The photographs below (Exhibits 4 and 5) depict the port side of the

*M/V Luke Burton* shortly after the incident and, it is believed, prior to any repairs:





The deck fitting just to the left of the open doorway is attached to a line that is believed to be one to which the PTL crew boat was attached at the time of the incident. The photos do not show significant damage. This is consistent with Canal Barge's <u>failure to allege</u> a property damage claim in its counterclaim against PTL. *See* Exhibit 6, 22-cv-00064-BJB-LLK, Doc. 37, Answer and Counterclaim, p. 2.

**II. Legal Standard**

Courts outside the limitation proceeding may adjudicate claims against the limitation fund "so long as the vessel owner's right to seek limitation of liability is protected". *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (S.Ct.2001); *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152-153, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *Kreta Shipping, S.A. v. Preussag International Steel Corp.*, 192 F.3d 41, 48-49 (2d Cir.1999); *Complaint of Midland Enterprises, Inc.*, 886 F.2d 812 (6th Cir. 1989). If the vessel owner's right to seek limitation is protected, then the owner cannot maintain an injunction whose sole purpose is to protect that statutory right. *See, e.g., Lake Tankers*, 354 U.S. at 153; *Kreta Shipping,* 192 F.3d at 48-49. In *Lake Tankers*, the Supreme Court explained the narrow purpose of the limitation statute:

> In fact, the Congress not only created the limitation procedure for the primary purpose of apportioning the limitation fund among the claimants where that fund was inadequate to pay the claims in full, but it reserved to such suitors their common-law remedies. 63 Stat. 101, 28 U.S.C. § 1333 [the "saving-to-suitors clause"]. In view of this explicit mandate from the Congress the [claimant] must not be thwarted in her attempt to

> employ her common-law remedy in the state court where she may obtain trial by jury.

354 U.S. at 153.

The right to seek limitation is protected when either the single claimant or multiple claimant-adequate fund exception applies. *Lake Tankers Corp.*, *supra*, 354 U.S. 147; *Langnes, supra*, 282 U.S. 531. To require the claimants to proceed in an admiralty court when plaintiff's right to seek limitation of liability has been protected by either exception

> would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the limitation fund is known to be more than adequate to satisfy all demands upon it. The shipowner's right to limit liability is not so boundless. The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability.

*Lake Tankers Corp*, 354 U.S. 147, 152-153.

## A.　If Either The Single Claimant Or Multiple Claimant-Adequate Fund Exceptions Applies, The Injunction Must Be Dissolved

The Supreme Court has recognized two exceptions to exclusive federal jurisdiction in limitation cases: the multiple claimant-adequate fund scenario (*Lake Tankers Corp.*, *supra*, 354 U.S. 147, 150) and the single claimant-inadequate fund scenario. *Langnes, supra*, 282 U.S. 531); *and see Lewis, supra*, 531 U.S. 438, 455; *Complaint of Midland Enterprises, Inc., supra*, 886 F.2d 812, 814. If either exception applies, the injunction must be dissolved to permit the claimant to pursue her saved remedies. *See generally id.* The present case meets both exceptions.

The first exception applies when the limitation fund exceeds the total of all claims. *See Lake Tankers*, *supra*, 354 U.S. 147. The case at bar is an adequate fund case because the limitation fund is $9,829,706.63 (Doc. 1, p. 3, par. 11) and the total

value of all claims cannot exceed that amount as will be explained below. The second exception also applies here because this is a single claimant case and in single claimant cases, it doesn't matter whether the claim exceeds the limitation fund. *See Langnes*, *supra* (single claimant whose claim was roughly five times the value of the limitation fund entitled to pursue state court remedies). Here, claimant executed stipulations that put her claim into the single claim exception. *See Langnes*, *supra*, 282 U.S. 531; *Midland Enterprises*, *supra*, 886 F.2d 812.

### 1. Claimant Is Not Required To Protect Plaintiff's Right To Seek Exoneration

Significantly, the district court that was reversed in *Langnes* "determined that it should first inquire whether there was any liability, and, if there was, then, whether it should be limited; and, at the conclusion of respondent's evidence without taking evidence on the part of petitioner, the court held that there was no liability, and entered a decree accordingly." 282 U.S. at 534. The Supreme Court reversed, holding that the state court should have decided the issues of liability and damages and that the refusal of the federal admiralty court to dissolve the injunction was therefore an abuse of discretion. *Langnes* thus held that claimant's rights under the saving to suitors clause trumped any interest Plaintiff might have in exclusive federal jurisdiction over the exoneration claim.

*Langnes* is consistent with the Supreme Court's later decision in *Lewis* and the Sixth Circuit's decision in *Midland Enterprises.* Neither case required exoneration to remain in the exclusive jurisdiction of the federal court. Instead, when a claim is within the single claim-inadequate fund exception, the injunction must be dissolved when the

claimant: (1) concedes that the district court has exclusive jurisdiction *to determine all issues relating to the shipowner's right to limit its liability*, including determination of the value of the limitation fund; and (2) waives any right to assert a judgment from another forum as *res judicata* against the plaintiff's right to seek limitation. *See id.* Thus, protecting the Plaintiff's right to seek limitation, as distinct from exoneration, is all that is required.

### 2. Claimant's Stipulations Protect Plaintiff's Right To Seek Limitation

To preserve the shipowner's right to seek limitation of its liability, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: (1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to assert against the plaintiff's right to seek limitation any claim of *res judicata* based on a judgment from another forum. *See id.*

In *Midland Enterprises*, the Sixth Circuit held that the following stipulations required dissolution of the injunction against other proceedings[1]:

> Jana Marie Brasher, Administratrix of the Estate of Christopher Dale Brasher, deceased, stipulates in this case in support of her Motion to Modify Stay, as follows:
> 1. That this Court has full and exclusive jurisdiction to determine the value of the M/V MIKE CREDITOR sought to be limited in these proceedings or the value of any limitation fund which may be necessary for the satisfaction of claims against its owners.
> 2. That this Court has full and exclusive jurisdiction to determine whether or not the vessel's owner has the right to limit its liability to this claimant.

---

[1] The Court of Appeals also required claimants either to concede the value of the limitation fund or file a motion for valuation pursuant to Rule f(7).

> 3. That any claim of *res judicata* based on judgment in any other Court with respect to any issue of limitation of liability reserved to this Court is waived by this claimant.

886 F.2d 812, 814.

The single claimant exception is not limited to cases in which there is literally only one claimant. The Sixth Circuit recognizes that derivative claims, such as those for indemnity, do not constitute separate claims. To avoid a multiple claimant case, a claimant is also permitted to stipulate that other claims take priority. These two issues will be explored more fully below.

### 3. The Sixth Circuit Recognizes That Indemnity Claims Are Derivative Of The Underlying Claim And Do Not Constitute "Multiple Claims" Under The Limitation Act

The Sixth Circuit's decision in *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 645 n 16 (6th Cir. 1982) agreed with the Eighth Circuit's decision in *Universal Towing Co. v. Barrale*, 595 F.2d 414, 419 (8th Cir. 1979) and explained that "***We are convinced, however, that derivative claims include those based on tort principles of indemnity and contribution***, as well as those based on consensual relationships. *See Universal Towing Co. v. Barrale*, *supra*, at 419." 678 F.2d 636, 645 n 16 (emphasis added); *see Barrale*, *supra*; *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (claimant's stipulation that other claim took priority held sufficient to require dissolution of injunction).

The reasoning of these cases is sound: in a single claimant-inadequate fund case, the injunction is dissolved to permit the claimant to pursue remedies in his chosen forum because the limitation plaintiff's right to seek limitation has been

protected by stipulations not to enforce a resulting judgment outside of the limitation fund and to relinquish any claim that the judgment in the other forum will have *res judicata* effect on the federal court's determination of limitation of liability. These stipulations preserve the limitation plaintiff's right to seek limited liability from the federal court after its liability has been determined in another forum. Because the other forum's judgment cannot be enforced outside of the limitation proceeding, the limitation plaintiff **cannot** be subjected to multiple competing judgments. This provides the limitation plaintiff all of the protection required to dissolve the injunction with regard to the stipulating claimants. The Sixth Circuit concluded that "the claimants, in effect, may enforce only one damages award against the shipowner. The result is that the indemnity and contribution claims based on negligence theories do not create a multiple claims-inadequate fund situation and do not require a concursus in the district court." 678 F.2d at 645.

### 3. The Sixth Circuit Permits A Claimant To Convert A Multiple Claim Case Into A Single Claim Case By Stipulating Unilaterally To Prioritize Other Claims

The Sixth Circuit recognizes that in a potential multiple claim case, an injury claimant may avoid exposing the limitation plaintiff to competing multiple judgments by stipulating that another claim has priority over his own and stipulating not to enforce a judgment outside of the limitation proceeding. *S. & E. Shipping*, *supra*, 678 F.2d 636, 644 *; see also Riverway Harbor Serv.,supra*, 263 F.3d 786, 791(claimant's stipulation that other claim took priority held sufficient to require dissolution of injunction). "Mrs. Myhre's claim for loss of consortium does not present a separate claim requiring a concursus because she has stipulated that her husband's claims take priority over

hers. *Claimants may make such stipulations, reducing their claims and establishing priorities, in order to eliminate the need for a limitations proceeding.*" S. & E. Shipping, 678 F.2d at 644 (emphasis added). Claimant Morgan has stipulated that the non-derivative claims - PTL and Canal Barge's property damage claims - have priority over hers and this case is therefore a single claimant case under *S. & E. Shipping*.

**II. Legal Analysis**

Claimant has satisfied the conditions for both an excess fund and single claimant determination by this Court. Plaintiff's Complaint identifies potential two potential claims in addition to that of Claimant Morgan: "Limitation Plaintiff received written notice of claims from MERS, LLC d/b/a PTL Marine as the owner and owner pro hac vice of the Wickliffe Crewboat No. 1 and from Canal Barges Lines, Inc. as owner and owner *pro hac vice* of the M/V LUKE BURTON." *See* Doc. 1, p. 3, paragraph 13. Although this paragraph fails to specify whether the claims include independent property damage claims, indemnity claims or both, the allegation is insufficient to prevent this case from being treated as both an adequate fund and single-claimant proceeding.

**A. The Limitation Fund of $9,829,706.63 Exceeds All Potential Claims**

Plaintiff does not allege a property damage claim from Canal and, to the extent that one is intended, Plaintiff fails to quantify the alleged claim for damages by Canal Barge Lines, Inc., to the port side of the M/V LUKE BURTON. Significantly, Canal Barge **did not allege** a property damage claim in its counterclaim against PTL. *See* Exhibit 6, 22-cv-00064-BJB-LLK, Doc. 37, Answer and Counterclaim, p. 2. To the extent there

was *any* damage, based on the allegations in the Complaint, it would consist of no more than scraping from the Wickliffe Crewboat No.1. *See* Exhibits 4, 5.

Accordingly, claimant Emily Morgan stipulates that the claim, if any, of Canal Barge Lines, Inc. for damage to the port side of the M/V LUKE BURTON has priority over her claim. This is sufficient to protect the plaintiff's right to seek limitation of liability. *See S. & E. Shipping*, *supra*, 678 F.2d 636, 644; *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001)(claimant's stipulation that other claim took priority held sufficient to require dissolution of injunction).

Plaintiff similarly stipulates that PTL's property damage claim has priority over her claim. In PTL's limitation proceeding, PTL alleges the value of the PTL crew boat to be $174,193.00. 22-cv-0064-BJB Doc. 1, Complaint, par. 17. Whether the claim is measured by cost of repairs or diminished value of the vessel, under no stretch of the imagination[2] would PTL's property damage claim reasonably be valued at $350,000 (twice the vessel's value), much less millions of dollars. Given a fund of nearly $10 million, this is clearly an adequate fund case.

This is also a single claimant case under applicable Sixth Circuit precedent. The potential indemnity/contribution claims are derivative of the main claim and therefore do not constitute separate claims. "We are convinced, however, that derivative claims include those based on tort principles of indemnity and contribution, as well as those based on consensual relationships." *S & E Shipping Corp. v. Chesapeake & O.*

---

[2] The Supreme Court has required a "good faith" belief that the fund is inadequate. *Lake Tankers Corp.*, supra, 354 U.S. 147, 152.

*Ry. Co.*, 678 F.2d 636, 645 n 16 (6th Cir. 1982). Derivative claims do not create a multiple-claimant case. The Court of Appeals explained that:

> *The injured party's claim and the third party's indemnity claim should be treated as a single claim for purposes of a limitation action.* [citations] The reason is that the indemnity claim is derived from and is dependent upon the primary claim against the shipowner. If the primary claimant proceeds against the shipowner, his recovery would be limited to the fund if the Act applies; if he proceeds against the third party, the latter can seek indemnity for the amount paid in satisfaction of the judgment to the extent of the limitation fund. In any event, the claimants, in effect, may enforce only one damages award against the shipowner. The result is that the indemnity and contribution claims based on negligence theories do not create a multiple claims-inadequate fund situation and do not require a concursus in the district court.

678 F.2d 636, 645 (emphasis added).

Claimant stipulates that:

1. This Honorable Court has sole and exclusive jurisdiction on all matters relating to Petitioner's Complaint, including Petitioner's right to seek limitation of liability in this admiralty court.

2. This Honorable Court has the sole and exclusive jurisdiction to determine the amount of the limitation fund.

3. Claimant stipulates that any state court or other action of any kind to be filed by Claimant or on behalf of Claimant, decedent's Estate, and any beneficiaries, will have no *res judicata* effect regard to plaintiff's right to seek limitation of liability, as distinct from exoneration, and all issues of limitation of liability are reserved exclusively to this Court.

4. Claimant stipulates that she will not seek to enforce or collect any judgment resulting from any state court or other action of any kind, including but not

limited to a Jones Act/General Maritime Law personal injury and/or death claim, prior to this Court's determination of all issues relevant to the limitation of liability. More specifically, Claimant stipulates that she will not seek more than $6,000,000 in any state court or other action of any kind and will agree to remit any judgment exceeding that amount to $6,000,000 in the event that a jury awards more than that.

5. Claimant agrees not to raise as issues in the State Court the right of the vessel owner to limit its liability or the value of the vessel.

6. Claimant stipulates that the claim of Canal Barge Lines, Inc., to the port side of the M/V LUKE BURTON takes priority over her claim herein.

7. Claimant stipulates that the claim of PTL for damage to its crew boat takes priority over her claim herein.

8. Claimant waives a valuation hearing pursuant to Supplemental Admiralty Rule F(7).

Similar stipulations have been recognized by the courts as sufficient to warrant dissolving the injunction. *See, e.g., Complaint of Midland Enterprises, Inc.,* 886 F.2d 812 (6th Cir.1989); *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir.2001); *In re Complaint of Osage Marine Services, Inc. for Exoneration from, or Limitation of, Liab.*, 4:15-CV-00856 ERW, 2015 WL 5178021, at *4 (E.D. Mo. Sept. 4, 2015) ("For the reasons set out above, the court finds Brown's stipulations are adequate."); *In re Massman,* No. 4:12–CV–01665, 2013 WL 718885, at *5 (E.D.Mo. Feb. 27, 2013).

WHEREFORE, Claimant Emily Morgan, surviving spouse of Tyler Morgan, deceased, and personal representative of Tyler Morgan, deceased, on behalf of herself and the decedent's surviving children, by her undersigned counsel, respectfully prays that this Honorable Court enter an order:

1. Finding claimant's stipulations to be sufficient to protect plaintiff's federal interest in limitation of liability;

2. Granting claimant's motion to dissolve the injunction entered on October 11, 2022 (Doc. 5) to permit claimant to institute and proceed with an action against plaintiff, PTL and Canal Barge in a forum of her choosing.

3. Per claimant's stipulations, staying enforcement of any judgment that might be entered against plaintiff in any action brought by claimant Emily Morgan.

4. Staying this action pending resolution of claimant Emily Morgan's claims in another forum.

Respectfully submitted,

ARMBRUSTER DRIPPS BLOTEVOGEL LLC

By: */s/ Roy C. Dripps*
    Roy C. Dripps #6182013, as pro hac vice
    51 Executive Plaza Court
    Maryville, Ilinois. 62062
    (618) 208-0320 - Telephone
    (800) 927-1529 - Fax
    royd@adwblaw.com

KEULER,KELLY,HUTCHINS
BLANKENSHIP, & SIGLER, LLP
David A. Kelly
Theodore S. Hutchins
100 South 4th Street, Suite 400
Paducah, KY 42001
(270) 448-8888 - Telephone
dkelly@kkhblaw.com

Ted N. Gianaris
Of Counsel as pro hac vice
One Court Street
Alton, Illinois 62002
(618) 693-3104 - Telephone
 tgianaris@simmonsfirm.com

*Attorneys for Emily Morgan*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of October, 2022, I filed the foregoing with the Clerk of U.S. District Court using the CM/ECF filing system, which will send electronic notice to:

Frank J. Dantone
Henderson & Dantone
P.O. Box 778
241 Main Street
Greenville, MS 38702-0778
Email: nsr@hdpa.com Attorneys for MERS, LLC

Bobby R. Miller, Jr.
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001
Email: bmiller@millerlaw-firm.com
Attorneys for Marquette Transportation Company, LLC

C. Thomas Miller
Matthew S. Eddy
Whitlow, Roberts, Houston &
Straub, PLLC
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
tmiller@whitlow-law.com
Attorney for Canal Barge Company, Inc.

By: */s/ Roy C. Dripps*